(No. 34374.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THEODORE SHOK, Plaintiff in Error.

*Opinion filed September 20, 1957.*

GERALD M. CHAPMAN, of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, L. LOUIS KARTON, and FRANCIS X. RILEY, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

An indictment charging Theodore Shok with the commission of the infamous crime against nature on Rose Bojko, a female person, on May 5, 1953, was returned in the criminal court of Cook County. Upon being found guilty by the jury, the trial court entered judgment and

94

sentenced the defendant to a term of not less than five nor more than ten years in the State penitentiary, after having overruled the usual post-trial motions. By writ of error he now seeks review of his conviction.

The defendant urges that no offense against nature was shown by the record in this case when construed in the light of modern scientific knowledge; that the evidence raises grave doubt as to his guilt; that the trial court erred in failing to order the use of an interpreter in the cross-examination of the prosecuting witness and her husband, persons of foreign extraction who had language difficulties; and that the trial court erred in admitting a statement of the prosecuting witness taken at the police station and in admitting a transcript of defendant's unsigned statement in evidence.

After a thorough examination of the record, we conclude that defendant's charge of abuse of judicial discretion in failing to provide an interpreter must first be considered, especially since the prosecutrix was one of the witnesses for whom an interpreter was requested.

The prosecuting witness resided in Chicago with her husband and young son and was employed in soldering and inspection work at a radio and television concern. She was of foreign extraction and had lived in this country only 3½ years. Her comprehension of the English language was meagre and she had great difficulty in expressing herself. The trial judge recognized the problem early and twice questioned prosecutrix out of the presence of the jury during direct examination because of her lack of comprehension. Defendant's counsel requested that an interpreter be used because of his difficulty in cross-examining the prosecutrix. The request was refused when the State objected, and the court stated that in view of the language difficulty defendant's cross-examination was improper (although conceding that it would be proper under other conditions) and restricted it to the kind that the witness could understand.

The prosecution states that her testimony on direct examination was in vivid detail, "so that no one in sound of her voice or in view of her motions remained in doubt as to her words and meaning." We think it unnecessary to go into the revolting details. It is sufficient for our purpose to say that the testimony was extremely damaging to the defendant. His liberty was at stake and he was entitled to full and unrestricted cross-examination.

The calling of an interpreter is normally within the discretion of the trial court, but where there has been an abuse of that discretion and the defendant is thereby deprived of a basic right, we reserve the right, and have the duty, to review the question.

The case of *People* v. *Maurantonio*, 8 Ill.2d 60, involved the question of use of an interpreter. There the right of review of the trial court's discretion was properly recognized, but we found from the record that there had been no abuse of discretion. Here the record reveals that an interpreter was necessary to a proper trial of the case.

We are of the opinion that because of the language difficulty of the prosecutrix revealed by this record, combined with the restriction of cross-examination by virtue of same, there was a deprivation of the basic right of cross-examination to the prejudice of the defendant.

Other errors are assigned for reversal. They are essentially questions of alleged irregularities in the conduct of the trial which can be met on retrial.

The judgment of the criminal court of Cook County is reversed and the cause is remanded to that court for a new trial.

*Reversed and remanded.*