(No. 35546.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HENRY MURPHY, Plaintiff in Error.

*Opinion filed January 20, 1961.*

BERNARD H. SOKOL, of Chicago, for plaintiff in error.

WILLIAM L. GUILD, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and MARVIN E. ASPEN, and FRANCIS X. RILEY, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The defendant, Henry Murphy, was tried by a jury and convicted of the unlawful sale of narcotics under section 38 of the Uniform Narcotic Drug Act (Ill. Rev. Stat. 1957, chap. 38, par. 192.28—38,) and sentenced to a term of not less than 3 nor more than 10 years in the penitentiary. He prosecutes a writ of error to this court on the ground that he was denied due process and had incompetent counsel.

Victor Emanuel Hernandez, a Puerto Rican who spoke the English language with difficulty and an admitted narcotics addict, was in custody of the Chicago police on a petty larceny charge. Hernandez accompanied four policemen to a tavern at the corner of Madison and Elizabeth streets. One of the policemen, shabbily dressed to resemble a narcotics user, waited outside the tavern while Hernandez went inside and made arrangements with Murphy for the purchase of narcotics. When they came outside, the police officer told Murphy to get him "two nickel bags of H" and gave Murphy ten marked one-dollar bills for that purpose. Murphy then went to a nearby building. He returned in about twenty minutes and took Hernandez and the policeman down an alley where he turned over two small pack-

ages containing a nonnarcotic white powder. By prearranged signal, Murphy was immediately arrested by one of the other officers. When arrested, Murphy admitted making the sale and the ten marked bills were found at his feet where he had dropped them just before being arrested.

At defendant's arraignment an attorney from the public defender's office was appointed and he was defended throughout the trial by such attorney. His appellate counsel now contends that the trial counsel was incompetent in that he misconceived the nature of the charge and ignored the element of intent, conducted an aimless cross-examination, failed to argue the case even though the prosecutor grossly overstated the facts, and did not request an interpreter for witness Hernandez nor object to leading questions put to him. He relies principally upon *People* v. *De Simone,* 9 Ill.2d 522. A comparison of the two cases demonstrates their lack of similarity.

In *De Simone,* an appeal from a conviction of murder involving the death penalty, we found flagrant examples of the utter incompetency of trial counsel exemplified by questions asked of jurors during their *voir dire* examination, an apparent misconception of the defense of insanity, ignorance of the probable testimony of his defense witnesses, a futile attempt to examine a psychiatrist concerning his client's insanity, and his failure to make a single objection throughout a 2250-page record. By way of contrast the record here discloses that trial counsel in this case was aware of the magnitude and seriousness of the evidence against his client. His familiarity with dope-traffic jargon and the elements of narcotics was illustrated by his capable cross-examination of the State's witnesses. His argument on the motion for mistrial on the ground that the prosecution had erroneously injected evidence of other crimes and his numerous objections directed against the testimony of the witnesses indicated familiarity with the law of evidence, trial practice, criminal law, and their ap-

plication. In fact, defendant's brief admits that trial counsel was an experienced member of the public defender's staff, but says that the record suggested an aimless course of conduct, serving the form but not the substance of due process.

The question of whether a defendant has been properly represented by capable counsel depends on the circumstances of each case. (*People* v. *Francis,* 356 Ill. 74.) After reviewing the record we are of the opinion that the defendant was adequately represented.

Defendant next contends that it was error to permit the informer Hernandez to testify without an interpreter and that such error was compounded by permitting the prosecutor to ask him leading questions. There is nothing in the record indicating that the judge, the jury, either counsel, or the defendant was unable to understand his testimony. Appellate counsel does not contend that he was unable to abstract the 31 pages of testimony which the court reporter transcribed. While Hernandez's speech was broken and ungrammatical, it was nonetheless understandable. He testified accurately about his own arrest, his method of using narcotics, the location of the police station and the tavern where he contacted Murphy, the time and date of the arrest, the details of the purchase from the defendant and his subsequent arrest. Moreover, his testimony is corroborated in detail by three other witnesses. The calling of an interpreter is within the discretion of the trial court but a conviction will be reversed by us where the abuse of that discretion deprives a defendant of some basic right. (*People* v. *Shok,* 12 Ill.2d 93.) We find no abuse of discretion existing here. Furthermore, we do not find the questions propounded to this witness to have been leading or prejudicial.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*