(No. 38520.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EARL SOLDAT, Plaintiff in Error.

*Opinion filed May 20, 1965.*

PETER S. LUCYSHYN, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and KENNETH L. GILLIS, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

Defendant Earl Soldat, together with Raymond Soldat and Maurice Blewett, was indicted in Cook County, January, 1963, for robbery. Raymond Soldat entered a plea of guilty. Earl Soldat and Maurice Blewett went to trial before a jury in July, 1963. During the course of the trial, an assistant State's Attorney displayed a file before the jurors which had written on it in large red ink letters "Defendants have bad records." Because of this inexcusable conduct, a mistrial was declared as to Maurice Blewett, while the defendant Earl Soldat chose to continue with the trial. The jury found said defendant guilty and he was sentenced to the penitentiary for a term of not less than four nor more than seven years. He prosecutes this writ of error to review his conviction.

The defendant Earl Soldat contends that reversible error was committed at the trial in the following respects: (1) that he was not identified as one of the robbers beyond a reasonable doubt, and (2) that he was deprived of his constitutional right to a fair trial by failure of the court to provide an interpreter for the State's witnesses so that a meaningful cross-examination could be conducted.

The contention as to identification necessitates a review of the evidence for proper evaluation. On January 13, 1963, three armed men robbed a tavern, The Beograd Lounge, 2700 South Kildare, Chicago, in the presence of the owner, Gracan Milko, and a waitress, Erna Jovancevik. About ten minutes before the robbery two of the three robbers had entered the tavern and ordered beer. Both Milko and Jo-

vancevik identified the defendant Earl Soldat as one of the men who drank beer for about ten minutes, and then left, only to return about five minutes later with another man and commit the robbery. Both Milko and Jovancevik identified the defendant Earl Soldat as one of the three robbers. Both said that Earl Soldat was also one of the two men who had been in the tavern just minutes before.

A watch and a ring were taken from Jovancevik, and a watch and $350 were taken from Milko. One of the robbers was wearing a red cap, of the type used by a hunter or skier. The police were given descriptions of the robbers by the victims, and also obtained a description of an automobile. Police officer Melvin Hodgen saw a car fitting the description, carrying three men, stopped the car, questioned the men, and found one of them to be the defendant Earl Soldat wearing a red hunter's hat. Also in the car were Maurice Blewett and Raymond Soldat, Earl Soldat's brother. Raymond Soldat was searched and found to be carrying a .32 caliber revolver, described at the trial as the robbery weapon. A search of Raymond Soldat's apartment turned up watches identified by Jovancevik and Milko as their watches.

A line-up of five men was held at the Maxwell Street police station just 24 hours after the robbery. Both of the victims identified the defendant Earl Soldat as one of the robbers. Both identified Raymond Soldat, and the victim Jovancevik identified Blewett. Both also identified the defendant Earl Soldat at the trial.

The defendant Earl Soldat took the stand at the trial and denied ever being in the Beograd tavern. He testified he was drinking with his brother, Raymond Soldat, and with Maurice Blewett at another tavern at the time of the robbery. Prior convictions of an armed robbery and an auto theft were admitted by Earl Soldat.

We have examined the record carefully with regard to the identification of Earl Soldat as one of the robbers. A

positive identification by one witness is sufficient for a conviction. (*People* v. *Mack,* 25 Ill.2d 416; *People* v. *Solomon,* 24 Ill.2d 586; *People* v. *Pride,* 16 Ill.2d 82.) Here, we have the positive identification of Earl Soldat by Jovancevik and the less certain but supporting testimony of Milko. This testimony is amply corroborated by the recovery of the articles taken from the victims and the article of clothing worn by Earl Soldat. The victims had ample opportunity to observe this particular defendant and identified him positively not only at the trial but at the line-up held twenty-four hours after the robbery itself. This question of identification was properly presented to the jury and there is no reason why this court should substitute its judgment for that of the jury.

Defendant Earl Soldat next contends that he was deprived of his constitutional right to a fair trial because of the failure of the court to provide an interpreter. He insists that this failure deprived him of the basic right of cross-examination essential to a fair trial under constitutional safeguards.

The calling of an interpreter is normally within the discretion of the trial court and a conviction will be reversed only where there has been an abuse of that discretion which operates to deprive a defendant of some basic right. *People* v. *Murphy,* 21 Ill.2d 149; *People* v. *Shok,* 12 Ill.2d 93; *People* v. *Maurantonio,* 8 Ill.2d 60.

Because of the charge that the testimony of Milko and Jovancevik was unintelligible and incomprehensible, we have gone to the original record, and upon a review of the entire record we find that this contention is without substance. The attorney for the defendant Earl Soldat cross-examined the witnesses extensively. At no time did he make any request for an interpreter, complain of any difficulty during cross-examination, or interpose any objection in this regard. Further, this was not alleged as error in the post-trial motions. While the witnesses' testimony was broken and

ungrammatical, it was nonetheless understandable. The trial judge was aware of the problem and cautioned the witness Jovancevik to speak loudly and slowly. Although it may have required some concentration and patience to grasp, the substance was clear and the trial judge did not abuse his discretion in not providing an interpreter. (*People* v. *Shok,* 12 Ill.2d 93; *People* v. *Maurantonio,* 8 Ill.2d 60.) There is therefore no basis to Earl Soldat's claim that his constitutional right to a fair trial has been violated.

For the reasons stated, the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*