THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
SIDNEY COLLINS, Defendant-Appellant.

First District (1st Division)    No. 79-2145

Opinion filed June 15, 1981.—Modified on denial of rehearing July 13, 1981.

Frederick F. Cohn, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Richard Burke, and Robert J. Kaiser, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

After a bench trial, Sidney Collins (defendant) was found guilty of burglary and acquitted of armed violence. Defendant was sentenced to 12 years. He appeals.

Although defendant raises no issue regarding the sufficiency of the evidence to prove guilt beyond reasonable doubt, a short factual statement is required. Two young ladies, Suria Salame and Aziza Salame, observed a man, later identified as defendant, walk up to their back porch, stand there for a time and then go back downstairs. They watched the man and saw him walk along a sidewalk to a nearby house. This was a two-flat building occupied by Majideh Muslah and her husband, Abdullah Muslah.

The young ladies observed defendant as he pushed up the window to enter the Muslah home. The defendant actually entered the home. The young ladies summoned the police. The two girls saw the defendant climb back out of the window, remove a mask and jump to the ground. About that time the police officers arrived. Mrs. Muslah saw a stranger standing in the gangway. She told the police about this man and then told them the man had started to run away. The young Salame ladies also helped to point out the man to the police. The police gave chase. They saw a man answering defendant's description walking through an empty lot. They took him into custody. Mrs. Muslah found that a radio which had been on her dresser was on the floor and several drawers in her children's bedroom had been opened. After a search the police found a mask in the backyard of a nearby building and a discarded pair of blue socks.

Defendant testified that on the day in question he left at noon to go to work. He went to the cleaners with trousers to be pressed. He was then arrested and searched. Defendant denied having entered the Muslah home. In our opinion, the evidence is sufficient to prove defendant's guilt beyond any reasonable doubt.

The contentions raised by defendant in this court are:

I

The trial judge sentenced defendant to an extended term. The pertinent statute provides that for a Class 2 felony, such as burglary (see Ill. Rev. Stat. 1979, ch. 38, par. 19—1(b)), the extended term shall not be less than 7 and not more than 14 years. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—2(4).) The trial court considered the pertinent factors in aggravation in determining whether the extended term was proper. The statutory test is whether defendant was previously convicted in Illinois of the same or a greater class felony within 10 years or, alternatively, if the offense was accompanied by brutal behavior. See Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b).

■■ Defendant contends this statutory framework which permits an extended term deprives defendant of equal protection of the law because it is limited in its application to persons who have "been previously

convicted in Illinois of the same or greater class felony * * *" (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b)(1)). The record before us shows this point was never raised in the trial court and was not included in defendant's motion for new trial. The constitutionality of a statute may be passed upon by this court "only when it has been raised in and passed upon the trial court." *(People v. Luckey* (1969), 42 Ill. 2d 115, 117, 245 N.E.2d 769, *cert. denied* (1970), 397 U.S. 942, 25 L. Ed. 2d 122, 90 S. Ct. 955.) This same rule "applies to constitutional and nonconstitutional issues." *(People v. Lykins* (1979), 77 Ill. 2d 35, 38, 394 N.E.2d 1182, *cert. denied* (1980), 445 U.S. 952, 63 L. Ed. 2d 787, 100 S. Ct. 1602. See also *People v. Price* (1979), 76 Ill. App. 3d 613, 636, 394 N.E.2d 1256, and *People v. McNair* (1979), 71 Ill. App. 3d 782, 786, 390 N.E.2d 142.) We hold the issue of equal protection as applied to the statute in question has been waived.

## II

The parties stipulated in the trial court that on September 13, 1967, defendant was convicted of burglary, attempt rape and attempt burglary. On June 9, 1975, he was convicted of burglary. On January 19, 1978, he was convicted of robbery. In each instance he was released from the penitentiary less than 10 years before his trial here involved.

For certainty we will repeat the pertinent statute (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2(b)(1)):

> "When a defendant is convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, within 10 years, excluding time spent in custody, and such charges are separately brought and tried and arise out of different series of acts; * * *."

Defendant urges the drafters of this statute should have added therein a modification of the words "the same or greater class felony" by adding after those words as an alternative the following:

> "or a felony that would have been a same or greater class felony under the classifications that came into existence in 1973."

■■ We reject this rather hypercritical attack upon the statute. To begin with, this argument, even if applied, would not assist defendant. Pursuant to the stipulation, defendant's earliest conviction was prior to 1973, but the two later convictions, which were the subject of the stipulation, occurred in 1975 and 1978. In *People v. Finley* (1980), 82 Ill. App. 3d 307, 311, this court specifically rejected an attack on the statute based upon the assertion that limitation of the Class X provisions to post-February 1, 1978, convictions was without "rationale or reasonable basis." In *People v. Butler* (1979), 78 Ill. App. 3d 809, 816, 396 N.E.2d 1374, this court expressly pointed out that "the legislature set forth no time strictures in the extended-term scheme."

The single authority cited by defendant in the instant case is *People v. Byrnes* (1950), 405 Ill. 103, 90 N.E.2d 217, which is not applicable here. That case considered only the legal differentiation between a reformatory and a penitentiary.

### III

Defendant urges he was deprived of the effective assistance of counsel. On the contrary, our examination of this record convinces us the defense was well conducted by able trial counsel. The one and only charge leveled against the trial attorney is that he stipulated to the facts regarding defendant's prior convictions. We will not join in criticizing counsel for stipulating to facts which could readily be proved by the State. The requirement of strict proof in this type of situation would appear to accomplish simply a waste of valuable time.

Additionally, this court has expressly pointed out the difference between situations in which a fact is an element of the crime charged or is simply a matter of sentence. In *People v. Peddicord* (1980), 85 Ill. App. 3d 414, 418, 407 N.E.2d 89, this court held:

> "Those cases, in which reviewing courts held that any facts which changed the grade or degree of an offense must be pleaded in the charging document and proved at trial, merely extend the general rule that all elements of an offense must be pleaded and proved at trial. Where a fact is essential to the grade or degree of an offense, it is, in effect, an element. However, the factors to be considered when imposing a sentence under the extended-term provision are not essential to the grade or degree of an offense, and thus are not elements of the offense charged. Therefore, these factors need not be pleaded or proved at trial."

This holding differentiates *People v. Langdon* (1979), 73 Ill. App. 3d 881, 884-85, 392 N.E.2d 142, cited by defendant, where the court held that since a previous conviction was an element of the offense on trial, the burden was upon the State to prove the prior conviction beyond a reasonable doubt.

■■ It is hardly necessary to add the requirement that a valid claim of incompetent counsel must establish the elements of "(1) actual incompetence and (2) substantial prejudice resulting therefrom." (*People v. Hills* (1980), 78 Ill. 2d 500, 505, 401 N.E.2d 523; see also *People v. Greer* (1980), 79 Ill. 2d 103, 120-21, 402 N.E.2d 203.) We are satisfied from this record that defendant's counsel was not incompetent, and we find no evidence whatsoever of prejudice to defendant in this regard.

### IV

Majideh Muslah testified for the People with the use of an interpreter. She had some knowledge of the English language, but she was obviously

more at home in the Arabic tongue. In addition, an interpreter was used for the testimony of Aziza Salame. No objection to this procedure was made at trial, and the matter does not appear in defendant's motion for a new trial. We find the point was accordingly waived. *Lykins*, 77 Ill. 2d 35, 38.

■■ In addition, the issue of the use of an interpreter is one which is properly within the discretion of the trial judge. In the case before us, a bench trial, we expressly find the use of the interpreter was well within the bounds of reasonable discretion. We find no error in this regard. See *People v. Soldat* (1965), 32 Ill. 2d 478, 481-82, 207 N.E.2d 449.

## V

■■ Defendant's final argument is that the trial court refused to invoke his discretion to dismiss the charges. This contention is based upon the fact that Abdullah Muslah told the trial judge regarding the defendant, "He hurt nobody. Maybe a fine. Fine him something." We do not construe these few words as a request to the trial court to dismiss the charges. Even if they be so interpreted, they do not have standing as one of the statutory grounds upon which a trial judge has authority to dismiss criminal charges. Ill. Rev. Stat. 1979, ch. 38, par. 114—1(a). See *People v. Byrnes* (1975), 34 Ill. App. 3d 983, 986, 341 N.E.2d 729.

Furthermore, the State's Attorney of Cook County is vested with discretion as to whether to initiate a prosecution and the management of criminal litigation. *People ex rel. Carey v. Cousins* (1979), 77 Ill. 2d 531, 539, 397 N.E.2d 809, *cert. denied* (1980), 445 U.S. 953, 63 L. Ed. 2d 788, 100 S. Ct. 1603.

For these reasons the judgment appealed from is affirmed.

Judgment affirmed.

CAMPBELL, P. J., and O'CONNOR, J., concur.