THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JESSE W. TOLLIVER, Defendant-Appellant.

Third District    No. 80-638

Opinion filed June 30, 1981.—Rehearing denied August 18, 1981.

Robert Agostinelli and Frank W. Ralph, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin, Robert J. Biderman, and Debra A. Buchman, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This is an appeal by the defendant, Jesse W. Tolliver, from a judgment of conviction for armed robbery entered by the Circuit Court of Peoria County. Subsequent to the bench trial at which the defendant was found guilty, he was sentenced to a term of imprisonment of eight years.

At the trial, the evidence established that on June 15, 1980, at approximately 1:30 p.m., Thomas Mullen, the front-end manager of Randall's Food Store in Peoria, placed the previous day's receipts into two bank bags which were, in turn, placed inside a shopping bag. The receipts

included approximately $17,000 in cash and $13,000 in checks. Mullen and another employee then left the store and proceeded to Mullen's car which they intended to drive to a bank located a short distance away in the shopping center. However, after they entered the car, started it and put the transmission into reverse, the defendant opened the car door, pulled at Mullen's shirt sleeve and pointed a handgun at Mullen's chest. After pulling Mullen from the car and telling the other employee to get out of the car, the defendant drove off in Mullen's vehicle. Although the car was recovered some distance away, the cash and checks were never found.

At the sentencing hearing, the trial court ruled that the amount of money taken was a proper factor to consider in sentencing the defendant. The trial court further enumerated the following factors as being considered by the court in sentencing this defendant:

"All right. I'm going to—let me first state that the item in aggravation, the Defendant did threaten harm. He did receive a large amount of money. There is no prior criminal activity. There is no public officer or policeman involved. And, of course, in this type of incident we do have a strong deterrent factor. If one believes in a deterrent factor at all this would be a case where a sentence should be imposed to deter others."

In this appeal, the defendant raises only the issue of whether the cause should be remanded for resentencing because the trial court abused its discretion by improperly considering as aggravating factors that the defendant received compensation for committing the armed robbery and that his conduct threatened serious harm. Relying on *People v. Brownell* (1980), 79 Ill. 2d 508, 404 N.E.2d 181, the defendant argues that the threat of serious harm to the victim is implicit in every armed robbery and therefore it is improper for the sentencing court to consider that the defendant's conduct threatens harm to the victim as an aggravating factor. In a recent decision, this court rejected the very argument the defendant puts forth in this case. (*People v. Robinson* (1980), 89 Ill. App. 3d 211, 411 N.E.2d 589.) Likewise, the defendant's remaining contention is without merit.

It is the defendant's contention that by considering the amount of money taken in the armed robbery as an aggravating factor, the trial judge is considering, improperly, that the defendant received compensation for committing the offense. Under *People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906, it is improper for a sentencing judge to consider as an aggravating factor that the defendant was compensated for committing the crime where the defendant received some or all of the proceeds of that crime. However, *Conover* is not applicable in this case.

■■■ It is permissible for a sentencing judge to consider the nature and circumstances of the offense, including the nature and extent of each

element of the offense as committed by the defendant. The degree of force employed and the amount of money taken in a theft or robbery are relevant factors to consider when ascertaining the sentence to impose. Accordingly, we find no abuse of discretion by the sentencing court and, therefore, affirm the judgment of the Circuit Court of Peoria County.

Affirmed.

BARRY and HEIPLE, JJ., concur.