THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARLTON E. HUNTER, Defendant-Appellant.

Fifth District    No. 80-332

Opinion filed November 10, 1981.

John H. Reid and Patrick M. Carmody, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

R. Glen Wright, State's Attorney, of Shelbyville (Martin N. Ashley and Raymond F. Buckley, Jr., both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HARRISON delivered the opinion of the court:

The defendant, Carlton E. Hunter, was convicted by a jury in the circuit court of Shelby County of aggravated arson (Ill. Rev. Stat. 1979, ch. 38, par. 20—1.1(a)(1)). Defendant was sentenced to 10 years' imprisonment. The only issue on appeal is whether the trial court abused its discretion by considering improper factors in aggravation when sentencing defendant. We affirm the judgment of the trial court.

The relevant facts of the offense can be summarized. Defendant owned a duplex residence in Windsor, Shelby County, Illinois. Defendant and his wife lived in one part of the duplex, and the other part was rented to the Paul family. After defendant's wife died, he desired to sell the duplex and move from Windsor. When no prospective buyers appeared, defendant threatened to burn the duplex if he could not sell it. In November of 1979 during a trip to Hopkinsville, Kentucky, defendant offered his cousin $2000 to help him. On November 5, 1979, at approximately 10 p.m., defendant returned to Windsor with his cousin. Defendant poured gasoline throughout the part of the duplex in which he lived and went to a tavern while his cousin started the fire. An explosion was heard throughout the neighborhood. The Pauls, upon hearing the explosion and seeing a bright light, ran from the duplex with their two-year-old daughter. They alerted officials, who fought for one hour to contain the blaze but were unable to save the house.

In sentencing the defendant, the court stated:

"Very well, at this time, it is the duty of the Court to make a sentence based on my independent assessment of all the elements. Going into the character of the defendant, nature of the circumstance of the offense, public interest, due regard to the various factors of aggravation and mitigation set forth by the statute, aggravating factors specifically being the fact that the defendant's conduct threatened serious harm to the Pauls including one child and but for some alertness on the part of public officials it could have very easily resulted in a death. When you deal with arson, it has to be punished severely so as to deter others from committing the same crime especially when this one was on the evidence for the purpose of getting rid of his house to the insurance company because he couldn't sell it. I think if everybody could burn down a house to get money instead of selling to another person, then we would be in a sad situation."

Section 5—5—3.2 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2) provides certain factors which the trial court may consider as reasons to impose a more severe sentence. Among the factors properly considered in aggravation is that the defendant's conduct caused or threatened serious harm. (Ill. Rev. Stat. 1979, ch. 38,

par. 1005—5—3.2(a)(1).) The penalty for aggravated arson, a Class X offense, is a determinate sentence of not less than six years nor more than 30 years. (Ill. Rev. Stat. 1979, ch. 38, pars. 20—1.1(b) and 1005—8—1(a)(3).) In the case at bar defendant received a sentence of four years in excess of the penal minimum..

Defendant, citing *People v. Conover* (1981), 84 Ill. 2d 400, 404, 419 N.E.2d 906, argues that the court should not have considered that his conduct threatened serious harm. In *Conover*, the supreme court stated:

> "Just as this court determined in *Brownell* that a factor necessarily implicit in every murder should not be utilized as an aggravating factor, we believe that a factor implicit in most burglaries and every theft should not be used as an aggravating factor at sentencing."

The court then vacated the sentences and remanded for new sentencing hearings.

In this case, defendant argues that the threat of harm is implicit in the definition of aggravated arson. He points out that in order to be convicted of aggravated arson, as charged, defendant must have known or reasonably should have known that at least one person was present in the structure which he set ablaze. (Ill. Rev. Stat. 1979, ch. 38, par. 20—1.1(a)(1).) Relying on *Conover*, defendant concludes that the threat of serious harm should not, therefore, have been considered a second time to increase his prison term.

Although *Conover* does stand for the proposition on which defendant relies, the supreme court did not intend an inflexible construction of the rule. With compelling logic, the court in *People v. Tolliver* rejected a rigid application of *Conover*. (*People v. Tolliver* (1981), 98 Ill. App. 3d 116, 117-18, 424 N.E.2d 44, 45.) In *Tolliver*, an appeal from an armed robbery conviction, the court said that although *Conover* held that a specific act inherent in a charged offense could not be considered to aggravate a sentence, a judge may still consider "the nature and circumstances of the offense, including the nature and extent of each element of the offense as committed by the defendant." (98 Ill. App. 3d 116, 117-18.) It concluded that even though a judge could not take into account the fact that violence was used or that compensation was received, he could properly consider the "*degree* of force employed and the *amount* of money taken." (Emphasis added.) 98 Ill. App. 3d 116, 118.

Applying the logic of *Tolliver* to this case, we find that the judge properly considered the degree of gravity of defendant's conduct. Although he did mention that persons were exposed to serious harm, a fact which is implicit in the charge of aggravated arson and which, as defendant correctly maintains, cannot be considered in aggravation, he

did not necessarily depend on that fact to impose a sentence greater than the minimum. He went on to note that the blaze endangered the lives of an entire family, including a small child. He emphasized the seriousness of arson, generally, and the danger to the victims in this situation, specifically. (The record reveals that the fire was set in the adjoining duplex at a time when the family was likely to be sleeping.) Finally, he based his decision on the obvious venal motivation of the defendant in destroying the house to gain insurance proceeds. These factors constituted the "nature and circumstances" of the crime which should have been considered in aggravation. Thus, the sentencing judge did not abuse his discretion by taking them into account.

In applying the rationale suggested in *Tolliver*, we have not departed from the spirit and purpose of section 5—5—3.2, nor have we fashioned a rule inconsistent with *Conover*. The supreme court did not intend to restrict the function of a sentencing judge by forcing him to ignore factors relevant to the imposition of sentence. Sound public policy demands that a defendant's sentence be varied in accordance with the particular circumstances of the criminal act committed. Occasionally, certain conduct may warrant a harsher penalty than other conduct, even though both are technically punishable under the same statute. We believe, therefore, that the best approach is to continue to afford the trial judge a significant measure of discretion in sentencing matters.

Finally, we have examined the transcript of the sentencing hearing in light of defendant's other assignments of error and find his challenges to be without merit. Accordingly, we affirm the judgment of the trial court.

Affirmed.

KARNS and WELCH, JJ., concur.