THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CHARLIE BREWER, Defendant-Appellant.

First District (1st Division) No. 83—0659

Opinion filed July 30, 1984.—Rehearing denied October 3, 1984.

Dennis M. Doherty, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Jeanette Sublett, and Mary Ann Callahan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CAMPBELL delivered the opinion of the court:

Defendant, Charlie Brewer, was found guilty of indecent liberties with a child in a bench trial. He was sentenced to an extended term of 25 years' imprisonment. On appeal, defendant raises the following issues: (1) whether he was proved guilty beyond a reasonable doubt; (2) whether the court erred in denying his motion to order a psychiatric examination of the complaining witness; (3) whether the court erred in denying his motion to reconsider the finding of competency of the complaining witness following her alleged contradictory testimony; (4) whether the trial court abused its discretion in sentencing defendant to a maximum sentence under the statute; and (5) whether the application of the extended-term sentence to defendant constituted double enhancement.

Defendant was charged in a two-count information with indecent liberties with a child in violation of sections 11—4(a)(1) and (a)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, pars. 11—4(a)(1), (a)(2)). The complaining witness, defendant's step-daughter, was seven years old at the time of the incident and nine years old at the time of the trial. During the hearing to determine if the complaining witness was competent to testify, she stated that she was in the second grade and

was able to read and write. She accurately testified to her current address and her address at the time of the incident on May 12, 1981. She knew the name of the school she attended in May 1981 and the name of the school she attended at the time of trial. She testified that she understood the difference between telling the truth and telling a lie and explained that if she told a lie, her mother would punish her. The court ruled that she was competent to testify.

At trial, the complaining witness testified to the circumstances surrounding the attack by defendant on the afternoon of May 12, 1981. She testified that the attack occurred in her family's apartment when she got home from school. The victim used male and female dolls provided by the prosecution to describe the acts of oral copulation and fondling performed against her. The complaining witness testified to what the defendant had said to her, including the fact that the defendant had told her to go into the bathroom and wash herself following the attack.

Margaret Lynch, the complaining witness' teacher, testified that on the morning of May 15, 1981, when her students entered the classroom several were giggling. When the teacher asked them why, they told her that the complaining witness had been "freaked" by her father. The teacher called the complaining witness out of the classroom and spoke with her alone. After being questioned by the teacher, the complaining witness, in tears, told the teacher what defendant had told her to do and what he had done to her. The description given the teacher was substantially the same as the description the complaining witness gave at trial. Dr. Anthony DeLach, an emergency room doctor who examined the complaining witness, also testified to the description of the attack given by the complaining witness. He testified to the same material facts as the teacher.

Two brothers of the defendant and a neighbor who was a friend of the complaining witness testified that the complaining witness never reported the alleged attack to them. Defendant's mother testified that sometime during the month following defendant's arrest, the complaining witness had admitted to her that she lied about the defendant. A friend of defendant's testified that during the month of May 1981 he and defendant often worked on cars late into the evening but he could not remember with certainty defendant's whereabouts on any particular day.

The trial court acquitted defendant of one count of the information which had alleged an act of intercourse and found defendant guilty of the other count of the information alleging an act of oral copulation.

█ Defendant first contends that the complaining witness' testimony is not clear and convincing and fails to prove his guilt beyond a reasonable doubt. Defendant argues that several of her statements were absurd, such as her statements that although the defendant was on top of her he did not touch her and that after forcing her to perform acts of oral copulation, defendant sat on her for a few hours. Defendant also argues that her trial testimony was inconsistent with her testimony at the preliminary hearing and that the complaining witness denied discussing the incident with any doctor, despite the fact that Dr. DeLach testified that the complaining witness discussed the incident with him.

The State argues that a seven-year-old child would not be able to accurately and consistently describe the sexual acts at issue unless these acts had been performed against her. The State also argues that any discrepancies in her testimony are minor and do not detract from the reasonableness of her testimony as a whole. We agree. The trial court stated in its findings of fact that the testimony of the complaining witness was "clear and convincing in spite of some very minor inconsistencies." The court also noted that "she brought out facts that a seven year old just would not know about unless it happened to her." Defendant contends that the complaining witness at several points in her testimony would not answer questions. A review of the record reveals, however, that after the courtroom was cleared of spectators, the complaining witness answered the questions asked of her. The evidence produced at trial adequately supports the trial court's finding that defendant was guilty beyond a reasonable doubt. *People v. Britton* (1980), 80 Ill. App. 3d 482, 400 N.E.2d 33.

██ █ Defendant next contends that the trial court erred in denying his motion to compel a psychiatric examination of the complaining witness. A trial court in the exercise of its discretion may order the psychiatric examination of a complaining witness in a sex offense case where the defendant presents a compelling reason therefor. (*People v. Glover* (1971), 49 Ill. 2d 78, 273 N.E.2d 367.) We are not persuaded that the reasons for a psychiatric examination advanced by the defendant were of a compelling nature. Defendant argues that the complaining witness at one point testified that she was "telling a story at first," that her testimony was contradictory on whether her step-father had ever attacked her before and that she apparently had twice failed to pass on to a higher grade in school. A psychiatric examination is not warranted under the facts of this case merely because the complaining witness did poorly in school or became confused under cross-examination. (*People v. Alexander* (1983), 116 Ill. App. 3d 855, 452 N.E.2d 591.)

The trial court did not err in concluding that the defendant had failed to present compelling reasons to support his motion for a psychiatric examination of the victim.

Defendant's third contention is that the trial court erred in denying his motion to reconsider the finding of competency in light of the complaining witness' alleged contradictory testimony. A child who is mature enough to receive correct impressions by his senses and to recollect and narrate intelligently, and to appreciate the moral duty to tell the truth is competent to testify. (*People v. Ballinger* (1967), 36 Ill. 2d 620, 225 N.E.2d 10, *cert. denied* (1967), 388 U.S. 920, 18 L. Ed. 2d 1366, 87 S. Ct. 2141.) The age of the witness is not the controlling factor as to her competency but rather the degree of intelligence and understanding she possesses. (*People v. Brown* (1972), 52 Ill. 2d 94, 285 N.E.2d 1.) A determination of competency of a witness under the age of 14 years will be reversed only where there has been an abuse of discretion or manifest misapprehension of some legal principle. *People v. Ballinger* (1967), 36 Ill. 2d 620, 225 N.E.2d 10.

During the competency hearing the trial court established that the complaining witness could appreciate the difference between the truth and a lie and understood the moral obligation to tell the truth. The court also stated that it found the witness to be "a very bright young girl with a good recollection." Her testimony at trial does not suggest that the finding of competency was wrong. The record indicates that she made several contradictory statements when confused by the questions of the defense attorney. When the questions were clarified, the complaining witness gave consistent testimony. Further, she explained her statement that she told a story at first because she did not understand what was being asked of her at the time. Any remaining inconsistencies in her testimony were insignificant.

Next, defendant contends that the trial court abused its discretion in sentencing by allegedly considering defendant's "life on public welfare" as an aggravating factor. The State argues that the trial court did not base defendant's sentence on the fact that defendant has received public welfare but rather on defendant's lengthy criminal record, the heinousness of the charged offense and defendant's low rehabilitation potential. We have reviewed the court's comments at sentencing and find that they do not indicate that the trial court abused its discretion in sentencing defendant. (*People v. Carlson* (1980), 79 Ill. 2d 564, 404 N.E.2d 233.) The trial court merely noted that defendant had spent the previous five years since he was last released from jail on public welfare and consequently, had no employment history. The court based its sentence on defendant's criminal record which included con-

victions of rape, attempted rape, robbery and burglary.

 Lastly, defendant argues that the imposition of an extended term under section 5—5—3.2(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2(b)(3)(i)) is inappropriate here. That section authorizes the imposition of an extended-term sentence for a defendant who is convicted of committing a felony against a person under the age of 12. Defendant contends that when applied to his conviction for indecent liberties with a child the extended-term sentence constitutes an automatic double enhancement. Defendant argues that where the legislature has established a penalty to be imposed for a crime, a factor already implicit in that crime, here the child's age, cannot be considered an aggravating factor. As support for this position, defendant cites the case *People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906. In that case the court held that a trial court may not consider as a factor in aggravation an element which is already part of the offense.

The State contends that this issue has been waived by defendant's failure to raise the issue of the alleged double enhancement during the sentencing hearing and in the post-trial motion. (*People v. Collins* (1981), 97 Ill. App. 3d 465, 422 N.E.2d 1061.) Further, the State argues that the extended-term sentence as it applies to felonies committed against children under 12 has not been held unconstitutional and, therefore, enjoys a strong presumption of constitutionality (*People v. La Pointe* (1982), 88 Ill. 2d 482, 499, 431 N.E.2d 344, 352). The State also argues that application of the extended-term sentence to defendant does not constitute double enhancement since the extended-term sentence does not apply to the entire class of persons protected by the indecent liberties with a child statute. The offense of indecent liberties with a child punishes acts committed against a child under the age of 16. (Ill. Rev. Stat. 1981, ch. 38, par. 11—4.) The extended-term sentence may be imposed for felonies committed against a child under 12. Thus, the extended-term sentence does not apply where the felony of indecent liberties with a child is committed against a child between the ages of 12 and 16. Therefore, the State argues, the extended-term sentence is not an automatic double enhancement.

In *Conover*, the court held that a factor necessarily implicit in every theft and in most burglaries, namely the taking of the proceeds of the burglary or theft, cannot be utilized as an aggravating factor in sentencing under section 5—5—3.2(a)(2) (Ill. Rev. Stat., 1981 Supp., ch. 38, par. 1005—5—3.2(a)(2)). In the present case, the trial court's consideration of the extreme youth of the victim, however, presents an additional consideration not necessarily implicit in every offense of indecent

liberties with a child. We find this case to be analogous to *People v. Hunter* (1981), 101 Ill. App. 3d 692, 428 N.E.2d 666, and *People v. Tolliver* (1981), 98 Ill. App. 3d 116, 424 N.E.2d 44, both of which have found that the supreme court did not intend an inflexible application of the *Conover* rule. In *Tolliver,* the court stated, "[i]t is permissible for a sentencing judge to consider the nature and circumstances of the offense, including the nature and extent of each element of the offense as committed by the defendant." (98 Ill. App. 3d 116, 117-18, 424 N.E.2d 44, 45.) In *Hunter*, the appellate court held that the trial court did not err in considering the "degree of gravity of defendant's conduct." (101 Ill. App. 3d 692, 694, 428 N.E.2d 666, 668.) There, the defendant was convicted of aggravated arson, which includes as an element of the offense knowledge that at least one person would be present in the structure. (Ill. Rev. Stat. 1979, ch. 38, par. 20—1.1(a)(1).) The trial court had considered in aggravation the fact that the defendant had endangered the lives of an entire family at a time when the family was likely to be sleeping. The appellate court found that this and other factors constituted the "nature and circumstances" of defendant's crime which should be considered in determining defendant's sentence consistent with *Conover* and section 5—5—3.2.

The legislature under the State's police power has wide discretion to classify offenses and prescribe penalties for the defined offenses. (*People v. McCabe* (1971), 49 Ill. 2d 338, 275 N.E.2d 407.) In enacting section 5—5—3.2(b)(3)(i) the legislature determined that felonies committed against children under 12 were of a greater harm to society than those committed against persons over 12 and therefore deserved a heavier sentence. Furthermore, we note that the utilization of section 5—5—3.2(b)(3)(i) is discretionary with the trial court. It was not error to consider in aggravation the extreme youth of the victim when sentencing a defendant for indecent liberties with a child. *People v. Hunter* (1981), 101 Ill. App. 3d 692, 428 N.E.2d 666; *People v. Tolliver* (1981), 98 Ill. App. 3d 116, 424 N.E.2d 44.

For the reasons given, defendant's conviction and sentence are affirmed.

Affirmed.

BUCKLEY, P.J., and GOLDBERG, J., concur.