THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JACK HUBER, Defendant-Appellant.

Fourth District   No. 4—85—0724

Opinion filed June 5, 1986.

Daniel D. Yuhas and Allen H. Andrews, both of State Appellate Defender's Office, of Springfield, for appellant.

Donald D. Bernardi, State's Attorney, of Pontiac (Kenneth R. Boyle, Robert J. Biderman, and Michael Blazicek, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

A jury convicted defendant of reckless homicide (Ill. Rev. Stat. 1983, ch. 38, par. 9—3(b)(2)). Defendant pleaded guilty to driving under the influence of alcohol (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501) and failure to reduce speed to avoid an accident (Ill. Rev. Stat.

1983, ch. 95½, par. 11—601). Subsequently, the trial court sentenced defendant to an extended term of three years and 364 days' imprisonment on the reckless homicide conviction (Ill. Rev. Stat. 1983, ch. 38, pars. 1005—8—1(a)(7), 1005—8—2(a)(6)) and a concurrent 364 days' imprisonment on the driving under the influence conviction. The court credited defendant's sentence with time served prior to his convictions. Defendant appeals his extended-term sentence. We affirm.

The parties do not dispute the facts of this tragic occurrence. On May 5, 1985, JoAnn Minkler, her five-year-old daughter, and her four-year-old son were killed when a vehicle driven by defendant collided with the rear of the Minkler vehicle. Defendant had a .225 blood-alcohol content at the time. Three persons witnessed the occurrence and testified to defendant's erratic driving prior to the accident.

The trial court determined that defendant was eligible for extended sentencing because two of the victims were under 12 years of age. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.2(b)(3)(i).) Defendant argues that the trial court abused its discretion in sentencing because a purpose of an extended sentence is to deter criminal conduct. Since his conduct was not intentional, he argues that the deterrence purpose is not furthered by an extended sentence. Section 4—6 of the Criminal Code of 1961 states:

> "Recklessness. A person is reckless or acts recklessly, when he *consciously disregards* a substantial and unjustifiable risk that circumstances exist or that a result will follow, described by the statute defining the offense; and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." (Emphasis added.) Ill. Rev. Stat. 1983, ch. 38, par. 4—6.

■ Defendant argues essentially that one cannot deter reckless conduct. Therefore, extended-term sentencing should not apply. This argument fails when one considers that by definition recklessness includes the conscious disregard of a substantial and unjustifiable risk that a result will follow from one's actions. (Ill. Rev. Stat. 1983, ch. 38, par. 4—6.) In *People v. Horstman* (1981), 103 Ill. App. 3d 17, 22, 430 N.E.2d 523, 527, the court noted that the prospect of a prison sentence is more likely to be an effective deterrent in reckless homicide cases where normally law abiding citizens decide to drive after becoming intoxicated. We agree.

The legislature has determined the penalties to be imposed for reckless homicide. Unless those penalties are unconstitutional, they

are appropriate. Reckless homicide was a Class 4 felony. (Ill. Rev. Stat. 1983, ch. 38, par. 9—3(b)(2).) As such, the court could impose a sentence of not less than one year's imprisonment and not more than three years' imprisonment. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a)(7).) An extended term of imprisonment for a Class 4 felony is not less than three years' and not more than six years' imprisonment. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—2(a)(6).) We note that section 5—5—3.2(b)(3)(i) of the Unified Code of Corrections does not mention the word intention but applies to any felony. Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.2(b)(3)(i).

A reviewing court should not substitute its judgment or preference as to punishment for that of the sentencing court, which is ordinarily best situated to tailor the sentence to the needs of the case and balance the appropriate factors. (*People v. Steppan* (1985), 105 Ill. 2d 310, 323, 473 N.E.2d 1300, 1307.) The legislature determined that felonies committed against persons under 12 years of age were a greater harm to society than those committed against persons over 12 years of age. (*People v. Brewer* (1984), 127 Ill. App. 3d 306, 468 N.E.2d 1242.) The presence of any single factor in section 5—5—3.2 is sufficient to support the imposition of an extended-term sentence. (See generally *People v. Jones* (1983), 119 Ill. App. 3d 615, 630, 456 N.E.2d 926, 938; *People v. McFarland* (1981), 93 Ill. App. 3d 136, 144, 416 N.E.2d 769, 776.) Here, even accepting that deterrence is the sole purpose of extended-term sentencing, the deterrence purpose is served by extended-term sentencing in a reckless homicide situation. (*People v. Horstman* (1981), 103 Ill. App. 3d 17, 430 N.E.2d 523.) No abuse of discretion occurred in sentencing.

For the above reasons, we affirm the trial court.

Affirmed.

WEBBER and MORTHLAND, JJ., concur.