**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200350-U

Order filed May 9, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0350 Circuit No. 16-CF-1490 |
| ARTIES L. TITUS, | ) ) ) | Honorable David M. Carlson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE DAUGHERITY delivered the judgment of the court.
Presiding Justice O'Brien and Justice McDade concurred in the judgment.

**ORDER**

¶ 1    *Held*:  (1) The circuit court conducted an adequate inquiry into defendant's posttrial claims of ineffective assistance of counsel; (2) defendant's two home invasion convictions violate the one-act, one-crime rule; and (3) the circuit court improperly considered a factor inherent in the offense as an aggravating factor in sentencing defendant.

¶ 2    Defendant, Arties L. Titus, appeals his home invasion convictions. Defendant argues that the Will County circuit court failed to comply with *People v. Krankel*, 102 Ill. 2d 181 (1984), in response to his posttrial claims of ineffective assistance of counsel. He further argues that one of

his convictions for home invasion must be vacated under the one-act, one-crime rule because there was only one unlawful entry. Additionally, he argues that the court improperly considered his unlawful entry into a home as an aggravating factor in sentencing him when that is a factor inherent in the offense of home invasion. We affirm in part, vacate in part, and remand for a new sentencing hearing.

¶ 3                                                    I. BACKGROUND

¶ 4        The State charged defendant with four counts of home invasion (720 ILCS 5/19-6(a)(1), (a)(2), (c) (West 2016)), and one count each of residential burglary (*id.* § 19-3(a), (b)), and aggravated domestic battery (*id.* § 12-3.3(a), (b)). Following a bench trial, on October 10, 2019, the court found defendant not guilty of two counts of home invasion, residential burglary, and aggravated domestic battery. It found him guilty of two counts of home invasion—counts I and III. These counts had alleged that on or about July 2, 2016, defendant, without authority entered Cassandra Robinson's dwelling. Count I alleged that while defendant was armed with a knife, he threatened imminent use of force against Robinson, and count III alleged that he intentionally caused injury to Robinson by striking her about the body with a knife. The court's written order entered on October 10, 2019, mistakenly stated that defendant was found guilty of counts I and II.

¶ 5        On November 12 and December 4, 2019, defendant himself filed motions for new trial. Neither motion raised an issue of ineffective assistance of counsel. Defendant also wrote a letter to the court advising that counsel was not submitting a motion for new trial as he stated he would, it was now untimely, and counsel told him the wrong counts that he was convicted on. It is unclear whether the court read the letter.

2

¶ 6        On December 19, 2019, defense counsel advised the court that its written order incorrectly stated that defendant was guilty on counts I and II when the court actually found defendant guilty of counts I and III. Counsel requested that the order be corrected. He further requested 21 days to file a motion for new trial once the order was corrected. The court entered the corrected order that day. Counsel filed his motion to reconsider verdict or for new trial on January 8, 2020.

¶ 7        The motion was set for hearing on January 16, 2020. At that hearing, there was a dispute by defendant as to what counts he was found guilty of. The court ordered the transcripts. Defendant told the court "I want to put in for ineffective counsel." The court responded "Well, there is a time for that, but not now."

¶ 8        On June 2, 2020, the court heard and denied counsel's motion for new trial. The court asked defendant if he was asking the court to review anything. He told the court that he was found guilty on October 10, 2019, and counsel had 30 days to file his motion for new trial. The court stated that "[i]t depends." Counsel interjected that there was an error in the written order which needed to be corrected and after the correction he timely filed his motion. The matter was set for sentencing and the court told defendant that "gives [defendant] time to get [his] thoughts together."

¶ 9        At the beginning of the sentencing hearing, defense counsel informed the court that defendant had given him case law, but it only dealt with appellate jurisdiction, which he explained to defendant. The court noted that the appellate court would have jurisdiction soon, after sentencing, but that the appellate court had nothing to do with the case at that time. Defense counsel noted the appellate court would obtain jurisdiction after sentencing and after any motion

for reconsideration. The court noted that defendant could raise any ineffective assistance issues, pursuant to *Krankel*, after sentencing.

¶ 10    When providing his statement in allocution, defendant told the court that counsel was ineffective because four days before his motion for new trial was due, counsel told defendant he was not going to file the motion. Also, counsel informed him of the wrong counts that he was found guilty of. Additionally, when counsel filed his motion for new trial it was "58 days later." Defendant then started talking about injustices in the judicial system based on race and continued talking about how he was innocent, and the State failed to prove him guilty. After defendant finished, the court asked if that was it, and he said it was. Defense counsel then explained to the court that the motion for new trial was not untimely filed because it was within 30 days of the corrected order and explained that the initial order listed the wrong counts that the court found defendant guilty on and counsel moved to correct that. The court confirmed that the motion was filed, ruled on, and not deemed untimely such that it was decided on the merits.

¶ 11    Following defendant's statement and the discussion regarding the timeliness of the motion for new trial, the court stated

> "someone's home is their place of refuge. And for you to come up here now and tell me that there is some sort of an injustice created by the system because you're an African American man, you're asking me to discount the fact that the home within you broke into, I have no doubt on that.
>
> ***
>
> *** You broke into a home occupied by two African American individuals. So am I supposed to turn a blind eye because for some reason because of some political statement you want to make—

4

        ***

        *** I listened to the evidence, and here is what I found: I found you broke into their house, you had a knife, and you had no business being there. Whatever the domestic situation that led up to it was, it is what it is. But the reality is this: You've got five—at least five prior felony convictions in your life."

The court sentenced defendant to 24 years' imprisonment out of a possible sentencing range of 6 to 30 years.

¶ 12      Counsel filed a motion to reconsider sentence arguing that the sentence was excessive. The court denied the motion. In doing so, it stated

"I imposed that sentence not only on the facts and occurrences that I heard in the case here, including the evidence presented at trial, all of the factors, statutory factors in aggravation and mitigation. And imposing that sentence, I took all of that into consideration. But I also took into consideration your history, all of the other matters that come into play when it comes into fashioning a sentence, and the fact, quite frankly, that this occurred in someone's house. I understand it's not a double enhancement, it's not anything like that, but it showed disregard for the sanctity of someone's home."

The judgment included a term of 24 years' imprisonment on both counts of home invasion. Defendant appeals.

¶ 13      II. ANALYSIS

¶ 14      A. *Krankel*

¶ 15      Defendant argues that the court failed to conduct a proper preliminary *Krankel* hearing in response to his claims of ineffective assistance of counsel.

5

¶ 16    A preliminary *Krankel* inquiry examines the factual basis of defendant's claim of ineffective assistance of counsel to determine whether to appoint new counsel to pursue the claims. *People v. Nitz*, 143 Ill. 2d 82, 134 (1991). "If the trial court determines that the claim lacks merit or pertains only to matters of trial strategy, then the court need not appoint new counsel and may deny the *pro se* motion." *People v. Moore*, 207 Ill. 2d 68, 78 (2003). "The operative concern for the reviewing court is whether the trial court conducted an adequate inquiry into the defendant's *pro se* allegations of ineffective assistance of counsel." *Id.* Some interchange between the court and defense counsel may be warranted. *Id.* Defense "counsel may simply answer questions and explain the facts and circumstances surrounding the defendant's allegations." *Id.* "[T]he trial court can base its evaluation of the defendant's *pro se* allegations of ineffective assistance on its knowledge of defense counsel's performance at trial and the insufficiency of the defendant's allegations on their face." *Id.* at 79.

¶ 17    Here, defendant raised an issue of ineffective assistance regarding the timeliness of counsel's motion for new trial and whether counsel improperly informed him of the counts he had been convicted. Defense counsel explained the situation regarding the initial court order reflecting the wrong counts and the timing of the motion for new trial. The court noted that the motion was not deemed untimely and was ruled upon based on the merits. Thus, this issue was handled by the court and found to lack merit, although the court did not state it in those terms. Additionally, although defendant did not explicitly state an ineffective assistance claim regarding appellate jurisdiction, the court addressed that issue after defense counsel noted defendant's apparent concerns and advised defendant the appellate court would have jurisdiction soon. Thus, the court addressed the ineffective assistance claims before it. Based on the foregoing, we

conclude that the court conducted an adequate inquiry into defendant's posttrial claims of ineffective assistance of counsel and remand is not warranted.

¶ 18                                    B. One-act, One-crime Rule

¶ 19          Defendant argues that his two convictions for home invasion violate the one-act, one-crime rule because there was only one unauthorized entry. Defendant acknowledges that he forfeited this issue because he did not raise the issue below. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). However, he argues that it is a reversible plain error under the second prong. See *People v. Coats*, 2018 IL 121926, ¶ 10 (stating "one-act, one-crime violations fall within the second prong of the plain error doctrine as an obvious error so serious that it challenges the integrity of the judicial process"). The State concedes that the two convictions violate the rule and one must be vacated. Further, the parties agree that it is the conviction on count I that should be vacated.

¶ 20          Per the one-act, one-crime rule, "a criminal defendant may not be convicted of multiple offenses when those offenses are all based on precisely the same physical act." *Id.* ¶ 11. "The Illinois Supreme Court has repeatedly held that, under one-act, one-crime principles, the home invasion statute will support only a single conviction for a single entry to a residence, regardless of the number of persons present or the number of persons harmed by the defendant." *People v. Morgan*, 385 Ill. App. 3d 771, 773 (2008). Because defendant only made a single entry into Robinson's home, one of his convictions must be vacated. See *id.* at 777. From our review of the record and pursuant to the parties' agreement, we vacate the conviction entered on count I.

¶ 21                                           C. Sentencing

¶ 22          Defendant argues that he was subjected to an improper double enhancement because the court considered the fact that he unlawfully entered someone's home as an aggravating factor

when that is an element of home invasion. The State argues that the court's comments show that it did not consider the fact that defendant unlawfully entered someone's home as an aggravating factor.

¶ 23    Initially, defendant acknowledges that he forfeited this issue by failing to raise it below but argues that the consideration of a factor inherent in the offense as an aggravating factor is second-prong plain error. See *People v. Mitok*, 2018 IL App (3d) 160743, ¶ 12 (recognizing our court has found second prong plain error where the circuit court considered a factor inherent in the offense as an aggravating factor). We turn to whether a clear error occurred. See *id.* ¶ 8 ("The first step in any plain-error analysis is to determine whether a clear, obvious, or plain error has been committed.").

¶ 24    "Generally, a factor implicit in the offense for which the defendant has been convicted cannot be used as an aggravating factor in sentencing for that offense." *People v. Phelps*, 211 Ill. 2d 1, 11 (2004). "Such dual use of a single factor is often referred to as a 'double enhancement.' " *Id.* at 12 (quoting *People v. Gonzalez*, 151 Ill. 2d 79, 85 (1992)). However, " ' "the nature and circumstances of the offense, including the nature and extent of each element of the offense as committed by the defendant" ' " may be considered in sentencing a defendant. *People v. Saldivar*, 113 Ill. 2d 256, 268-69 (1986) (quoting *People v. Hunter*, 101 Ill. App. 3d 692, 694 (1981), quoting *People v. Tolliver*, 98 Ill. App. 3d 116, 117-18 (1981)). In determining whether the court based the sentence on an improper factor, "a court of review should consider the record as a whole, rather than focusing on a few words or statements by the trial court." *People v. Dowding*, 388 Ill. App. 3d 936, 943 (2009). "On appeal, a reviewing court will not vacate a sentence that was based upon an improper factor and remand for resentencing if the reviewing court can determine from the record that the weight placed on the improperly

8

considered aggravating factor was so insignificant that it did not lead to a greater sentence." *People v. Grant*, 2019 IL App (3d) 170185, ¶ 28.

¶ 25 Defendant faults the court for referencing "home" or "house" numerous times in its short explanation for its sentence. However, those terms are almost necessary when discussing the nature of the offense of home invasion, and the court is allowed to consider the nature of the offense in reaching its sentencing decision. See *Saldivar*, 113 Ill. 2d at 268-69. But the court also stated that one's "home is their place of refuge." This statement indicates that the court placed some weight on the fact that the crime involved the unlawful entry into a person's home, which is inherent in the offense of home invasion. More troubling, is that the court, in deciding defendant's motion to reconsider sentence, reiterated that it considered "the fact, quite frankly, that this occurred in someone's house." Making it explicit that it undertook such consideration. Although the court attempted to avoid a double-enhancement issue by stating it was not a double enhancement, its next statement—"but it showed disregard for the sanctity of someone's home"—showed that it was continuing to consider the fact defendant entered someone's home when deciding the sentence. Based on this record, we cannot say the court placed an insignificant amount of weight on the fact that the crime involved entry into someone's home or that the court was simply talking about the nature of the offense. Therefore, we vacate defendant's sentence and remand for a new sentencing hearing.

¶ 26                                                III. CONCLUSION

¶ 27 The judgment of the circuit court of Will County is affirmed in part, vacated in part, and remanded for a new sentencing hearing.

¶ 28 Affirmed in part and vacated in part.
¶ 29 Cause remanded.