**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220243-U

Order filed August 24, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0243 Circuit No. 16-CF-2510 |
| DAVID ZAURATSKY, | ) ) ) | Honorable Amy M. Bertani-Tomczak, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Justices Brennan and Hettel concurred in the judgment.

_____

**ORDER**

¶ 1        *Held*:  The circuit court did not consider improper factors when sentencing defendant.

¶ 2        Defendant, David Zauratsky, was convicted of two counts of criminal sexual assault and sentenced to consecutive terms of nine years' imprisonment on each count. On appeal, defendant argues the Will County circuit court considered improper aggravating factors when imposing his sentence. We affirm.

## I. BACKGROUND

¶ 4        On December 5, 2016, defendant was charged by indictment with two counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2016)), five counts of criminal sexual assault (*id.* § 11-1.20(a)(4)), aggravated criminal sexual abuse (*id.* § 11-1.60(d)), and aggravated domestic battery (*id.* § 12-3.3(a-5)). Defendant pled guilty to two counts of criminal sexual assault, both Class 1 felonies, and the State dismissed the remaining charges. These counts alleged that between October 2, 2014, and October 1, 2016, defendant was over 17 years old and held a position of trust, authority, or supervision over his son, M.M., who was between the ages of 13 and 18, and had forced M.M. to engage in acts of sexual penetration with defendant's girlfriend, Tabitha Ledwa. The State further alleged that defendant threatened M.M. with punishment if he refused to participate. Ledwa faced similar charges and also pled guilty to two counts of criminal sexual assault for the same offenses.

¶ 5        The factual basis for the plea stated that a victim sensitive interview with M.M. was conducted after an anonymous call reported possible abuse. During the interview, M.M. stated defendant and Ledwa involved M.M. in their sexual activities on several occasions. M.M. referred to this as a "threesome" and said, "there were occasions where his penis would go into *** Ledwa's mouth and also occasions where his penis would go into *** Ledwa's vagina." Defendant was present during these offenses.

¶ 6        After confirming that defendant did not have anything to add or change to the facts presented, the court found there was a factual basis, accepted defendant's guilty plea as knowing and voluntary, and ordered a presentence investigation report (PSI). Defendant's PSI showed that he had no prior felony convictions.

¶ 7        At the sentencing hearing, M.M. testified that he was significantly affected because he had to move out of state to live with his mother after the abuse was discovered. He lost all of his friends and had become withdrawn and reclusive. M.M. also indicated that he felt depressed but had not been formally diagnosed with depression and had declined to attend counseling because it made him uncomfortable. In addition to M.M.'s testimony, the State argued M.M.'s victim impact statement describing how defendant allegedly strangled him on one occasion over a set of lost keys was also relevant despite dismissal of the charge related to that incident as part of the plea.

¶ 8        In his statement in allocution, defendant denied the strangulation allegation and asserted he had never laid a hand on M.M. He generally stated there had never been any long-term or physical abuse, and he never forced his son to do anything. He claimed that M.M. always made his own choices.

¶ 9        In imposing defendant's sentence, the court stated:

>        "Well, I do look at the fact that you have no prior criminal record so I should take that into account.
>
>        But I also should take into account, and I do take into account, that you are his father and—
>
>        ***
>
>        *** That you are his father and you qualified you've never physically abused him, but this is far worse than that.
>
>        These types of crimes have long lasting effects on the victims if they ever recover.
>
>        So I certainly don't think you're entitled to the minimum sentence. I sentenced your co-defendant to seven and a half years on each count. I'm

3

going to sentence you to nine years on each count. They will be consecutive

to each other, served at 85 percent."

¶ 10 On February 8, 2021, defendant filed a motion to reconsider sentence. In denying the motion, the court noted the seriousness of the offenses, the victim's status as defendant's son, and that defendant had not acted alone in committing the crimes. Defendant's subsequent attempt to withdraw his guilty plea was denied. Defendant appeals.

¶ 11 II. ANALYSIS

¶ 12 Defendant argues on appeal that the circuit court erred when it considered improper aggravating factors at sentencing. Specifically, defendant contends the court's consideration of his father-son relationship with M.M. and the psychological harm to M.M. was improper because both factors are inherent in the offense of criminal sexual assault.

¶ 13 At the outset, we note the parties dispute the standard of review. Defendant argues we should apply a *de novo* standard, citing *People v. Larson*, 2022 IL App (3d) 190482. The State argues we should apply an abuse of discretion standard, citing *People v. Young*, 2022 IL App (3d) 190015. However, we need not determine this issue as defendant's contention fails under either standard. See *People v. Jones*, 2017 IL App (1st) 123371, ¶ 45.

¶ 14 Notably, defendant acknowledges he has forfeited the issue, as his counsel failed to include it in his motion to reconsider sentence. To overcome this forfeiture, defendant requests review under the plain error doctrine pursuant to Illinois Supreme Court Rule 615(a) and claims ineffective assistance of counsel for failure to preserve the issue. The plain error doctrine allows for the review of an unpreserved error

"when (1) a clear or obvious error occurred and the evidence is so closely

balanced that the error alone threatened to tip the scales of justice against

4

the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007).

The first step in plain error analysis is to determine if an error occurred. *Id.*

¶ 15    Generally, a factor implicit in the offense cannot be considered in aggravation at sentencing. *People v. Phelps*, 211 Ill. 2d 1, 11 (2004). However, sentencing courts are not obligated to avoid any mention of such factors as if they do not exist. *People v. O'Toole*, 226 Ill. App. 3d 974, 992 (1992). Additionally, determination of the appropriate penalty to be imposed must be based on the circumstances specific to each individual case, "including the nature and extent of each element of the offense as committed by the defendant." (Internal quotation marks omitted.) *People v. Saldivar*, 113 Ill. 2d 256, 268-69 (1986) (quoting *People v. Hunter*, 101 Ill. App. 3d 692, 694 (1981), quoting *People v. Tolliver*, 98 Ill. App. 3d 116, 117-18 (1981)).

¶ 16    The criminal sexual assault charges for which defendant was convicted included defendant's position of trust, authority, or supervision over the victim as an element of the offenses. 720 ILCS 5/11-1.20(a)(4) (West 2016). Defendant argues the court's consideration of his specific relationship to the victim during sentencing was improper because his status as M.M.'s father establishes his position of trust, authority, or supervision over M.M. Thus, defendant asserts that his father-son relationship with M.M. was not a valid aggravating factor as it is implicit in the offense.

¶ 17    However, consideration of defendant's position as M.M.'s father was proper as the court is permitted to consider the nature and degree of the position of trust, authority, or supervision in

5

determining the seriousness of the offense. *People v. Wolfe*, 2021 IL App (4th) 190277-U, ¶ 61 (consideration of defendant's status as the victims' basketball coach was not an improper factor at sentencing for a criminal sexual assault conviction). As M.M.'s parent, defendant held an undeniably powerful degree of trust, authority, or supervision over M.M. This specific relationship reflects the particular circumstances of this case and the extent of control defendant was able to exercise through his position of trust, authority, or supervision when committing the offenses.

¶ 18        Defendant also argues the court erred in referring to the psychological harm to M.M. during sentencing because it is a factor implicit in the offense of criminal sexual assault. Defendant further contends M.M.'s testimony provided no evidence that he suffered any harm other than the harm implicit in the offense. We find defendant's argument unpersuasive.

¶ 19        First, defendant relies on *People v. Calva*, 256 Ill. App. 3d 865, 877 (1993), to support the proposition that psychological harm is implicit in sexual assault offenses and cannot be considered at sentencing. However, numerous cases have since rejected *Calva*'s premise that consideration of psychological harm caused by sexual assault is an improper aggravating factor. See, *e.g.*, *People v. Bunning*, 2018 IL App (5th) 150114, ¶ 18; *People v. Sutton*, 2022 IL App (5th) 190160-U, ¶¶ 40-42; *People v. Muraida*, 2021 IL App (4th) 180650-U, ¶¶ 58-61. In addition to holding a position of trust, authority, or supervision over the victim, the elements of criminal sexual assault under section 11-1.20(a)(4) of the Criminal Code of 2012 include committing an act of sexual penetration and being over 17 years of age while the victim is over 13 but under 18 years of age. 720 ILCS 5/11-1.20(a)(4) (West 2016). Harm is not a material element of this offense. *People v. Kerwin*, 241 Ill. App. 3d 632, 636 (1993).

¶ 20        Second, even if harm were arguably implicit in the offense, the degree of harm caused to the victim can be considered as an aggravating factor when determining the length of the sentence.

6

*Saldivar*, 113 Ill. 2d at 269. Sentencing courts may also reasonably infer that child victims of sexual abuse have suffered psychological damage. *People v. Burton*, 102 Ill. App. 3d 148, 154 (1981). In *Burton*, the circuit court properly considered in aggravation that defendant's repeated sexual assaults had inflicted severe psychological trauma on his stepdaughters, which potentially would last throughout their lifetimes. *Id.* at 153; see also *People v. Reber*, 2019 IL App (5th) 150439, ¶ 96 (holding the circuit court did not err in considering future psychological harm to a child victim as an aggravating factor based on the court's experience with child victims of sexual assault).

¶ 21        Third, although the degree of harm inflicted on M.M. was an appropriate aggravating factor to consider at sentencing, when viewed in context, the court's statement was made directly in response to defendant's assertion that he had never abused his son physically or forced him to do anything. See *People v. Dowding*, 388 Ill. App. 3d 936, 943 (2009) (in determining if consideration of an aggravating factor was proper, a reviewing court should consider the totality of the record, rather than select words or statements by the circuit court). This assertion implied defendant did not cause any harm to M.M., to which the court responded by admonishing defendant for attempting to diminish the severity of his conduct and highlighting the general magnitude of harm sexual assault victims typically endure. The court's comments show that it emphasized the nature of the offense in determining defendant's sentence, not any actual harm specific to M.M.

¶ 22        Furthermore, defendant's sentence on both counts falls well within the 4- to 15-year sentencing range for a Class 1 felony conviction and statutory guidelines mandate that the sentences for each count run consecutively. 730 ILCS 5/5-4.5-30(a), 5-8-4(d)(1) (West 2016). This is neither greatly at variance with the spirit and purpose of the law, nor manifestly disproportionate to the nature of the offense. See *People v. Alexander*, 239 Ill. 2d 205, 212 (2010). Accordingly,

7

the circuit court did not err by sentencing defendant to an aggregate sentence of 18 years' imprisonment. Because no error occurred, defendant cannot demonstrate ineffective assistance of counsel for failure to preserve a meritless issue. See *People v. Coleman*, 158 Ill. 2d 319, 349 (1994).

¶ 23    In coming to this conclusion, we note that defendant mentions, in passing, that the State incorrectly commented in argument on the oral sex M.M. would have to perform, an act that was not alleged or supported by the evidence. The State counters by highlighting it was an isolated misstatement made while describing the recorded victim sensitive interview, which the circuit court had personally viewed. The court made no mention of having considered this factor when reaching its decision and it is presumed that the court considered only competent evidence in determining defendant's sentence. See *People v. Smith*, 176 Ill. 2d 217, 241 (1997).

¶ 24                                III. CONCLUSION

¶ 25    For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

¶ 26    Affirmed.