THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE J. DREW, Defendant-Appellant.

(No. 12646;

Fourth District—October 10, 1975.

Richard J. Wilson, Joshua Sachs, and Daniel D. Yuhas, all of State Appellate Defender's Office, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (G. Michael Prall and Kai A. Wallis, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

A jury found defendant guilty of robbery and armed robbery, and sentence of 10 to 30 years' imprisonment was imposed. Defendant appeals, contending that entry of judgment on the robbery verdict was erroneous and that the sentence imposed was excessive.

The record shows that the defendant and five other persons were heading north on Interstate 55 during the early morning hours of April 28, 1973. Near Litchfield, Illinois, they picked up two hitchhikers. Some time later, the automobile developed mechanical problems and they stopped at a service station. The two hitchhikers testified the station was well lit and they were able to see all other persons in the car. Continuing on, a few miles south of Springfield, defendant pulled out a pistol and pointed it at one of the hitchhikers, demanding his money. One of the other occupants of the car produced a knife and held it against the other hitchhiker. One dollar, a watch and watchband were taken from the hitchhikers. They were then let out of the car. Their wallets were returned to them, but their suitcases were not. Just before the automobile pulled away, defendant fired two shots in the direction of the hitchhikers.

The victims ran to a nearby service station and notified the Illinois State police of the robbery. Defendant was apprehended by Springfield city police officers a short time later.

A jury found defendant guilty of both robbery and armed robbery. A sentence of 10 to 30 years in prison was imposed on the armed robbery verdict, no sentence being imposed on the judgment of guilty on the robbery charge. The trial court found a sentence greater than the minimum was required. The probation report showed that the defendant admitted he was "high" on the night of the offense from smoking marijuana. It was also noted defendant had been carrying a gun with which he committed the offense. The court concluded the gun was carried for some illegal purpose. The court also mentioned that defendant had been a.w.o.l. from military service. Finally, the court pointed out that defendant had fired two shots in the direction of the victims after the armed robbery was completed and they were out of the car.

■■ The State had confessed error in the entry of judgment on the robbery verdict when both verdicts arose out of the same course of conduct. Under *People v. Lilly*, 56 Ill.2d 493, 309 N.E.2d 1, the robbery conviction must be vacated.

The presentencing report filed by the chief probation officer recom-

mended the court consider the minimum sentence for defendant. This report showed defendant's adult arrest record contained no felony convictions other than the offenses involved here. Defendant had no history of drug abuse other than occasional marijuana use. Defendant had been a.w.o.l. from the U.S. Marine Corps for a period of time and received a discharge under conditions other than honorable on March 1, 1973. Defendant had denied firing the two shots at the robbery victim, claiming a cohort had done it in an attempt to scare them.

The Illinois Constitution, 1970, article 1, section 11, sets forth guides for courts in imposing penalties:

> "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship. * * *"

Armed robbery is a Class 1 felony for which an offender may not be sentenced to death. (Ill. Rev. Stat. 1973, ch. 38, par. 18—2(b).) Defendant could have been sentenced to any maximum term in excess of 4 years. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(b)(2).) The minimum term shall be 4 years for a Class 1 felony unless the court, having regard for the nature and circumstances of the offense and history and character of the defendant, sets a higher minimum term. Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(2).

■■ This court has the power under Supreme Court Rule 615(b) (Ill. Rev. Stat. 1973, ch. 110A, par. 615(b)(4)), to reduce the defendant's sentence if it is manifestly excessive. However, we are aware that this authority to reduce sentences should be used with caution and circumspection, as sentence disposition is peculiarly within the discretion of the trial court. (*People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673; *People v. Caldwell*, 39 Ill.2d 346, 236 N.E.2d 706.) However, when a particular case requires it, we will exercise our authority under Supreme Court Rule 615(b)(4). *People v. House*, 26 Ill.App.3d 330, 325 N.E.2d 69.

The writer is persuaded that this is an appropriate case for a reduction of sentence. The minimum sentence of 2½ times that mandated by the statute was imposed by the trial court upon this defendant for what is essentially his first felony conviction. In my view, that is excessive and disparate to the sentence imposed upon an associate in the offense, William Wayne Gray, whose sentence of 1 to 3 years upon a plea of guilty to robbery was affirmed by a Rule 23 Order (4th Dist. No. 12902, *aff'd*, 8/21/75). The other two members of the panel are not persuaded that this is a case for reduction of sentence and, accordingly, this court will not exercise the authority to reduce the sentence. The judgment of conviction for armed robbery is affirmed; the conviction for robbery is vacated; and this cause is remanded to the circuit court of Sangamon

County with directions to issue an amended *mittimus* in accordance with the views herein expressed.

Conviction for robbery vacated; conviction for armed robbery affirmed; cause remanded with directions.

SIMKINS, P. J., and TRAPP, J., concur.