THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDDIE MERRITT, Defendant-Appellant.

First District (4th Division)   No. 76-806

Opinion filed October 6, 1977.

· James Geis and Steven Clark, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, James Veldman, and Mary Ann Callum, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LINN delivered the opinion of the court:

Defendant, Eddie Merritt, was indicted with Irving Madden for two counts of rape (Ill. Rev. Stat. 1973, ch. 38, par. 11—1), two counts of aggravated kidnapping (Ill. Rev. Stat. 1973, ch. 38, par. 10—2), and one count of armed robbery (Ill. Rev. Stat. 1973, ch. 38, par. 18—2). After a joint trial before a jury in the circuit court of Cook County, they were found guilty as charged. For the two counts of rape, each was sentenced to two terms of 40 to 65 years in the penitentiary; for the two counts of aggravated kidnapping, each was again sentenced to two terms of 40 to 65 years; and for the armed robbery counts, each was sentenced to a term of 10 to 20 years, all sentences to run concurrently. Eddie Merritt here appeals, contending that the concurrent sentences of 40 to 65 years for aggravated kidnapping and rape are excessive.

We agree and modify the sentences accordingly.

The facts relevant to this issue are as follows: On July 4, 1975, at 2 a.m., two young women were abducted at gunpoint by defendant, Madden and an unidentified third man outside a building at 2614 West Van Buren Street in Chicago. The women were forced into an automobile belonging to one of the women, and defendant, Madden and the third man also entered the car. Madden directed one of the women to drive to a lot near the Chicago Stadium where he threatened her with a gun and told her to take her clothes off. In the front seat of the car, Madden and the third man raped the woman. In the back seat of the car, defendant and then one of the other men raped the other woman. Madden also robbed the latter woman of $6, and the men took her rings and necklace.

Madden then directed the female driver to proceed into an alley at another location and to stop next to a garage. During this time Madden was raping her companion in the back seat. At this point the driver told the men she was pregnant, and Madden and the third man then raped her companion in the alley. At Madden's direction, the latter woman drove off with him in the car to the place where she worked in order for her to obtain more money for him. Madden told defendant and the third man to kill the woman who remained at the scene if he did not return in one-half hour. After they left, defendant, the third man and defendant again had sexual intercourse with the woman who remained at the scene. During

this time, the third man displayed a gun. Defendant and the third man fled when the police arrived.

Meanwhile, the woman who went with Madden obtained some money, and while Madden was pointing a gun at her in the car, she struggled with him. The car struck a pole and she escaped.

A Chicago police officer testified that on July 4, 1974, at 7:30 a.m., defendant made a statement to him at the police station that he had sexual intercourse with both women in the garage. At trial, defendant denied committing the crimes, knowing Madden, or giving a statement to the officer.

Defendant argues that the sentences of 40 to 65 years for aggravated kidnapping and rape are excessive when his only prior conviction was a misdemeanor. The record shows that defendant had, heretofore, pleaded guilty to theft and received a 30-day jail sentence. He was 20 years old at the time of sentencing on the instant charges.

■■ Defendant was sentenced for five Class I felonies. The minimum terms for rape and aggravated kidnapping are 4 years unless the court having regard for the nature and circumstances of the offense, and the history and character of the defendant sets a higher term. The maximum term is any term in excess of 4 years. Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1.

It is well settled that a sentence which is within the statutory limits will not be disturbed on appeal "unless it clearly constitutes a great departure from fundamental law, its spirit and purpose; or, it manifestly violates the constitutional proscription that all criminal penalties be proportioned to the nature of the offense." *People v. McDonald* (1973), 15 Ill. App. 3d 620, 625, 305 N.E.2d 69, 74.

After a hearing in aggravation and mitigation, the trial court found that a long period of incarceration was necessary.

It is apparent from the record that the trial judge conscientiously sought to impose a sentence commensurate with the nature of the offenses committed and the circumstances surrounding the criminal acts. We are mindful of the constant and continuing struggle of even the most able and resourceful judge in arriving at a sentence that is just. It is fashionable to blame increased societal violence on sentences believed to be inappropriate whether they be too mild or too severe. Simplistic analysis of the sentencing process leads but to further confusion and ultimate frustration. While recognizing that the circumstances surrounding every crime and criminal differ and compel a distinctive and particular sentencing conclusion, nevertheless there remains a compelling goal of avoiding disparate sentences. Both the criminal and society search for a sentencing result that leaves each as unembittered as is possible and

reflects a conclusion that is fair, just and warranted. We also recognize that a standard of treating every convicted defendant the same is to treat none of them fairly. It is part of the Anglo-American heritage of fair play and justice that a sentence in a criminal case fit both the crime and the criminal.

■■ We have again reviewed the many decisions relating to the power of this court and the standards considered by it in reducing sentences. (Ill. Rev. Stat. 1975, ch. 110A, par. 615(b)(4); *People v. Drew* (1975), 32 Ill. App. 3d 682, 336 N.E.2d 281; *People v. Reno* (1975), 32 Ill. App. 3d 754, 336 N.E.2d 36; see *People v. Sprinkle* (1974), 56 Ill. 2d 257, 307 N.E.2d 161, *cert. denied* (1974), 417 U.S. 935, 41 L. Ed. 2d 239, 94 S. Ct. 2650.) As stated by us in *People v. Franklin* (1976), 42 Ill. App. 3d 408, 424, 355 N.E.2d 634, 647:

> "Some factors to be considered in reviewing sentences imposed by the trial court are (1) the seriousness of the crime at bar, (2) any prior convictions, (3) the defendant's natural inclination or aversion to commit crime, and (4) the stimuli which motivated his conduct. E.g., *People v. Morgan*, 59 Ill. 2d 276, 282, 319 N.E.2d 764, 768; *People v. Dukett*, 56 Ill. 2d 432, 452, 308 N.E.2d 590, 601."

While we recognize that defendant and his companions committed repeated violent criminal acts (even though physical harm was not involved), in the interest of his rehabilitation and so that the appearance of vengeance may be avoided, we find that the sentences for rape and aggravated kidnapping are excessive and must be reduced. (*People v. Carroll* (1977), 49 Ill. App. 3d 387, 364 N.E.2d 408.) The youth of defendant and his record of only one misdemeanor conviction coupled with comparable sentences in like cases convinces us that the reduction would be fitting and reasonable under the circumstances which are analogous to those presented in the *Carroll* case.

Accordingly, each of the four sentences imposed for rape and aggravated kidnapping is reduced to a term of 15 to 45 years, to run concurrently with the sentence of 10 to 20 years for armed robbery. As thus modified, the judgment is affirmed.

Judgment modified in part and affirmed.

DIERINGER, P. J., and JOHNSON, J., concur.