THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WALTER ANDERSON, a/k/a Walter J. Henderson, *et al.*, Defendants-Appellants.

First District (4th Division)   Nos. 84—1136, 84—1137 cons.

Opinion filed November 27, 1985.

LINN, J., specially concurring.

James J. Doherty, Public Defender, of Chicago (Robert E. McAuliffe, Assistant Public Defender, of counsel), for appellants.

Richard M. Daley, State's Attorney, of Chicago (Mary Patricia Devereux, Assistant State's Attorney, of counsel), for the People.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

Following a bench trial, defendants, Walter Anderson, a/k/a Walter J. Henderson, and Wendall M. Jackson, a/k/a Mathew Jackson, were found guilty of residential burglary (Ill. Rev. Stat. 1983, ch. 38, par. 19—3(a)), and were each subsequently sentenced under the extended-term statute (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—2) to 17 years' imprisonment. The defendants appeal from their extended-term sentences.

On July 15, 1983, at 2 a.m. the defendants, both 17 years old at the time, were arrested shortly after they broke into the home of Kathleen Wright. Wright, who was 63 years old and blind, testified that she and her 10-year-old grandson were home alone when they were awakened during the early morning hours by the sound of knocking at the front door and later at the back door. The police were summoned. The police arrived but left a short time later after they were unable to find anything amiss. A few minutes after their departure, Wright heard voices and then a loud crash as the front door was being kicked in. Her grandson again called the police and they locked themselves in a bedroom. She heard someone yell "police" but stated that she was too terrified to open the door. The defendants were immediately apprehended by police in Wright's home. Wright was visibly shaken when she finally opened the bedroom door for police.

The defendants were found guilty of residential burglary. At the sentencing hearing, the trial court found as factors in aggravation, that as the victim, Wright, was over the age of 60 years old and was handicapped at the time of the offense the defendants were eligible under section 5—5—3.2(b)(3) (Ill. Rev. Stat. 1983, ch. 38, par. 1005—

5—3.2(b)(3)) for extended term sentences. The trial court then imposed extended term sentences of 17 years' imprisonment upon both defendants.

Section 5—5—3.2(b)(3) of the Criminal Code provides:

"*** the following factors may be considered by the court as reasons to impose an extended term sentence under Section 5—8—2 upon any offender who was at least 17 years old on the date the crime was committed: *** (3) [w]hen a defendant is convicted of any felony committed against: (i) a person under 12 years of age at the time of the offense; (ii) a person 60 years of age or older at the time of the offense; or (iii) a person physically handicapped at the time of the offense. For purposes of this paragraph (b)(3), a physically handicapped person is a person who suffers from a permanent and disabling physical characteristic, resulting from disease, injury, functional disorder or congenital condition, which impairs the ability of the person to avoid or prevent the commission of the offense." Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.2(b).

It is the defendants' position that the imposition of extended-term sentences was improper because the offense was not "committed against" the victims as required under the section as, first, the offense of residential burglary is a crime against property and therefore cannot be committed against a person and, second, there was no evidence that the defendants knew at the time of the burglary of the occupants' presence in the apartment.

The primary purpose of statutory interpretation is to ascertain and give effect to the legislative intent as expressed in the statute. (*People v. Rink* (1983), 97 Ill. 2d 533, 539, 455 N.E.2d 64.) In determining legislative intent, provisions of a statute should be read in light of the statute as a whole. (*Winks v. Board of Education* (1979), 78 Ill. 2d 128, 135, 398 N.E.2d 823.) Legislative intent is best determined by the plain and ordinary meaning of the statutory language. *People v. Pettit* (1984), 101 Ill. 2d 309, 313, 461 N.E.2d 991.

■■ It is apparent that the legislature, in enacting section 5—5—3.2(b)(3), determined that felonies committed against the elderly, young and handicapped warrant more severe punishment as these individuals are the least able to protect themselves from and are the most traumatized by the commission of felonies. In keeping with this legislative intent, we believe that the legislature intended for this provision to apply to the offense of residential burglary.

As the supreme court recently observed in *People v. Bales* (1985), 108 Ill. 2d 182, residential burglary is classified as a more serious

type of burglary than that of nonresidential burglary because residential burglary involves a violation of the sanctity and privacy of the home and inherently poses a high risk of bodily harm to its occupants. (*People v. Bales* (1985), 108 Ill. 2d 182, 193; see also *People v. Gomez* (1983), 120 Ill. App. 3d 545, 549, 458 N.E.2d 565.) It is obvious then that as the offense of residential burglary threatens serious danger to its occupants, the threat of harm is that much more enhanced when the occupants are elderly, young or handicapped. As the State correctly points out, the State need not prove that the defendants had knowledge of the occupants' presence at the time of the illegal entry, as the potential for serious harm, physical and psychological, is present whenever someone unlawfully enters the residence of another. (*People v. Gomez* (1983), 120 Ill. App. 3d 545, 548.) Therefore, we find that the trial court could consider the threat of serious harm as an aggravating factor to impose extended-term sentences on the defendants.

However, utilization of the extended-term statute is discretionary with the trial court. (*People v. Brewer* (1984), 127 Ill. App. 3d 306, 312, 468 N.E.2d 1242.) While it is our judgment that the trial court had the right to impose extended-term sentences, the imposition of extended-term sentences of 17 years' imprisonment in the present case was excessive in view of the fact that both of the defendants were 17 years old at the time of the offense and that both lacked any significant or extensive prior criminal history. The trial court's sentencing decision is accorded great deference; nevertheless, we find that it is appropriate to reduce the defendants' extended-term sentences under the authority granted to us under Supreme Court Rule 615(b)(4) (87 Ill. 2d R. 615(b)(4)). Accordingly, we reduce each of the defendants' extended-term sentences from 17 years' imprisonment to six years' imprisonment. See Ill. Rev. Stat. 1983, ch. 38, par. 19—3(b); Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a)(4).

For the foregoing reasons, we affirm the convictions of the defendants for residential burglary, but reduce their extended-term sentences for this offense from 17 years' imprisonment to terms of six years' imprisonment.

Affirmed as modified.

JOHNSON, J., concurs.

JUSTICE LINN, specially concurring:
It is apparent from the record that the experienced and conscien-

tious trial judge sought to impose a sentence commensurate with the nature and circumstances of the offense, and the history and character of the defendants. As noted in *People v. Merritt* (1977), 53 Ill. App. 3d 929, 931, 369 N.E.2d 113:

"We are mindful of the constant and continuing struggle of even the most able and resourceful judge in arriving at a sentence that is just. It is fashionable to blame increased societal violence on sentences believed to be inappropriate whether they be too mild or too severe. Simplistic analysis of the sentencing process leads but to further confusion and ultimate frustration. While recognizing that the circumstances surrounding every crime and criminal differ and compel a distinctive and particular sentencing conclusion, nevertheless there remains a compelling goal of avoiding disparate sentences. Both the criminal and society search for a sentencing result that leaves each as unembittered as is possible and reflects a conclusion that is fair, just and warranted."

I have again reviewed the many decisions relating to the power of this court and the standards considered by it in reducing sentences for various reasons, including disparateness. (87 Ill. 2d R. 615(b)(4); *People v. Drew* (1975), 82 Ill. App. 3d 682, 336 N.E.2d 281; *People v. Reno* (1975), 32 Ill. App. 3d 754, 336 N.E.2d 36; *People v. Sprinkle* (1974), 56 Ill. 2d 257, 307 N.E.2d 161, *cert. denied* (1974), 417 U.S. 935, 41 L. Ed. 2d 239, 94 S. Ct. 2650; *People v. Franklin* (1976), 42 Ill. App. 3d 408, 424, 355 N.E.2d 634, 647; *People v. Rivera* (1984), 126 Ill. App. 3d 197, 466 N.E.2d 1144; *People v. Steffens* (1985), 131 Ill. App. 3d 141, 475 N.E.2d 606; *People v. Paino* (1985), 137 Ill. App. 3d 645, 656-59 (Pincham, J., dissenting).) In accordance with the principles enunciated in the cases noted and to avoid the semblance of the sentence in this case being somewhat disparate, I join with my colleagues in the reduction of sentence as set forth.