THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TOMMIE C. DANIELS, JR., Defendant-Appellant.

Second District    No. 2—93—0001

Opinion filed May 2, 1994.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COLWELL delivered the opinion of the court:

On April 1, 1990, the State charged defendant, Tommie Daniels, and his codefendant, Kwami Giles, each with one count of armed robbery (Ill. Rev. Stat. 1989, ch. 38, par. 18—2(a) (now 720 ILCS 5/18—2(a) (West 1992))), one count of aggravated battery (Ill. Rev. Stat. 1989, ch. 38, par. 12—4(b)(1) (now 720 ILCS 5/12—4(b)(1) (West 1992))) and one count of theft (Ill. Rev. Stat. 1989, ch. 38, par. 16—1(a)(1) (now 720 ILCS 5/16—1(a)(1) (West 1992))). On June 4, 1990, both defendant and Giles pleaded guilty to armed robbery, and, in exchange, the State dropped the other two charges for both defendants. The trial court sentenced defendant to 15 years' imprisonment and Giles to $8^1/_2$ years. On appeal, defendant contends that the sentence that the trial court imposed was excessive. Defendant asks this court to reduce his sentence from 15 years to 12 years. We affirm.

At the guilty plea hearing, the trial court admonished defendant pursuant to Supreme Court Rule 402(a) (134 Ill. 2d R. 402(a)) and informed defendant that armed robbery carries a sentence of 6 to 30 years' imprisonment. The trial court also referred to an earlier Rule 402(d) conference (134 Ill. 2d R. 402(d)) and stated:

"I made some preliminary indications concerning ranges, and that dealt with who did what, more than any other thing, but do you understand that what I'm trying to do in those situations is to

give people an idea of what I've done in the past, or what's likely to happen. But *** that's not a promise. I'm not legally bound to it."

Defendant stated that he understood the trial court's comments. The factual basis for defendant's plea was that he and Giles stole a Chevy Blazer from Jerry Corcoran by threatening him with a BB gun and that defendant hit Corcoran with the gun. The trial court accepted defendant's plea.

Defendant's presentence report stated that he was 19 years old at the time of the offense. He had no prior criminal convictions, although he was out on bond at the time of the offense. Defendant had completed high school and was enrolled at Olive Harvey College. Defendant was also employed as a data processor at H&R Block, and he had worked for McDonald's for one year during high school. Defendant reported to his probation officer that he smoked marijuana occasionally and that he drank beer approximately three times per week.

Corcoran's testimony, along with the presentence report, revealed the following about the nature of the offense. In March 1990 Corcoran had advertised to sell his Chevy Blazer. On March 31, 1990, defendant and Giles went to Corcoran's Libertyville home to inquire about the vehicle. Corcoran agreed to take them on a test drive. Giles sat in the driver's seat, Corcoran sat in the passenger seat, and defendant sat in the back seat. Giles drove the vehicle to Route 45, ostensibly to check the overdrive on the transmission. When the vehicle was under a viaduct, defendant began to beat Corcoran repeatedly with a gun. Defendant hit Corcoran with the gun 25 to 30 times on the head, face, and back. Corcoran could not get out of the vehicle because it was moving too fast. Corcoran was eventually able to take the gun from defendant and hit Giles a couple of times. When the Blazer slowed down, Corcoran jumped out. Corcoran received a cut above his eye which required four to five stitches, a cut on his ear which required 12 stitches, and multiple bruises. Corcoran's ear was still sore at the time of the hearing.

The trial judge stated that he had considered the factual basis for defendant's and Giles' pleas along with the evidence before it in light of the statutory aggravating and mitigating factors. (See Ill. Rev. Stat. 1989, ch. 38, pars. 1005—5—3.1, 1005—5—3.2 (now codified, as amended, at 730 ILCS 5/5—5—3.1, 5—5—3.2 (West 1992)).) The trial court found in mitigation that defendant used a pellet gun rather than a real gun and that defendant had no criminal history. It found in aggravation that defendant injured the victim during the armed robbery. Balancing defendant's rehabilitative potential with the

seriousness of the crime, the trial court sentenced defendant to 15 years' imprisonment. It recognized that Giles' participation in the crime was less serious and it sentenced Giles to $8^1/2$ years' imprisonment.

On July 11, 1990, defendant, through his attorney, filed a motion to reconsider his sentence. On July 17, 1990, defendant filed a *pro se* notice of appeal. The trial court refused to consider defendant's motion to reconsider his sentence on the ground that defendant's notice of appeal deprived it of jurisdiction. On appeal, we held that the trial court erred in determining that defendant's notice of appeal deprived it of jurisdiction. We remanded the cause to the trial court to review defendant's motion. *People v. Giles* (1992), 230 Ill. App. 3d 730, 734.

On October 29, 1992, defendant filed an amended motion to reconsider his sentence or in the alternative to withdraw his guilty plea. In this motion he alleged that the trial court failed to consider defendant's rehabilitative potential and failed to consider various mitigating factors. Defendant also alleged that the trial court had stated in a Rule 402(d) conference that it would impose a sentence in the "low double digits."

At the December 11, 1992, hearing on this motion, defendant stated that he did not want to withdraw his guilty plea but solely wanted the trial court to reconsider his sentence. The trial court refused to modify defendant's sentence. The trial court reasoned that, despite factors in mitigation, defendant had engaged in "pretty egregious and meaningless violence" during the course of an armed robbery.

On appeal defendant concedes that the offense was serious and that it merited a sentence in excess of the six-year statutory minimum. He contends, however, that his lack of a criminal history, his educational achievements, his employment history, and his remorse for the crime constitute mitigating factors which indicate that he has a strong rehabilitative potential. According to defendant, the trial court's imposition of a 15-year sentence reflects that the trial court did not consider defendant's rehabilitative potential. Defendant asks, therefore, that we reduce his sentence from 15 years to 12 years pursuant to Supreme Court Rule 615(b) (134 Ill. 2d R. 615(b)(4)).

■ Supreme Court Rule 615(b)(4) empowers a reviewing court to reduce the sentence imposed by the trial court. (134 Ill. 2d R. 615(b)(4).) However because the trial court has "the opportunity to consider the defendant's credibility, demeanor, and general moral character firsthand" (*People v. Storms* (1993), 254 Ill. App. 3d 139, 143), we exercise this power with "caution and care." (*People v. Streit* (1991), 142 Ill. 2d 13, 19.) "[W]e will not substitute our judgment for

that of the trial court merely because we feel that we would have imposed a different sentence had that function been delegated to us." (*People v. Perruquet* (1977), 68 Ill. 2d 149, 156.) We will therefore only reduce a defendant's sentence in cases where the trial court has abused its discretion. (*People v. Keating* (1993), 252 Ill. App. 3d 801, 803.) A sentence is an abuse of discretion by reason of its excessiveness only if it is contrary to the purpose and spirit of the law or if it is manifestly disproportionate to the nature of the offense. *People v. Cabrera* (1987), 116 Ill. 2d 474, 493-94.

■ In arriving at a sentence, "the court must consider not only the defendant's history and his rehabilitative potential, but the court must also consider the seriousness of the offense, the need to protect society, and the need for deterrence." (*Keating*, 252 Ill. App. 3d at 803.) The trial court in this case recognized that defendant had no criminal history and that he did not use a real gun in the robbery. According to the trial court, these mitigating factors precluded the imposition of the 20-year sentence that the State requested. However, the trial court found that the senseless, brutal beating that defendant inflicted on the victim justified a sentence of 15 years' imprisonment. Armed robbery is a Class X felony. (Ill. Rev. Stat. 1989, ch. 38, par. 18—2(b) (now 720 ILCS 5/18—2(b) (West 1992)).) As such it carries a sentence of from 6 to 30 years. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(a)(3) (now 730 ILCS 5/5—8—1(a)(3) (West 1992)).) The sentence in this case, which fell well within the statutory range, was not an abuse of discretion.

The cases that defendant cites do not dictate a contrary result. In *People v. Anderson* (1985), 142 Ill. App. 3d 240, the trial court sentenced defendants to extended 17-year prison terms for residential burglary against an elderly, disabled victim. Both defendants were 17 years old at the time of the offense and neither had a significant criminal history. (*Anderson*, 142 Ill. App. 3d at 243.) On review, the court reduced defendants' sentences from 15 to 6 years. (*Anderson*, 142 Ill. App. 3d at 243.) However, defendants in *Anderson* did not actually harm the victim and may not have even known that she was at home when they committed the burglary. (*Anderson*, 142 Ill. App. 3d at 243). On the other hand, defendant in this case beat the victim severely. Furthermore, the trial court in *Anderson* had sentenced defendants to an extended term (see Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—2 (now codified, as amended, at 730 ILCS 5/5—8—2 (West 1992))), while the trial court in this case imposed a sentence that was well within the normal range for the offense.

In *People v. Treadway* (1985), 138 Ill. App. 3d 899, the trial court sentenced defendant to concurrent, extended 60-year terms for armed

700

violence and attempted murder. (*Treadway*, 138 Ill. App. 3d at 901.) In light of defendant's rehabilitative potential, we reduced defendant's sentences to 30 years. (*Treadway*, 138 Ill. App. 3d at 905.) In this case, unlike *Treadway*, the trial court considered defendant's rehabilitative potential and sentenced defendant to significantly less than the maximum term.

In *People v. Nelson* (1982), 106 Ill. App. 3d 838, the trial court sentenced defendants to 20 years' imprisonment for armed robbery. In light of defendants' ages, work histories, scholastic histories, and lack of significant criminal histories, the reviewing court reduced defendants' sentences to 10 years' imprisonment. (*Nelson*, 106 Ill. App. 3d at 847.) In so doing, the court expressly considered that defendants had not actually physically harmed the victims. (*Nelson*, 106 Ill. App. 3d at 847.) In contrast, the trial court's primary reason for sentencing defendant as harshly as it did in this case was that defendant inflicted serious harm on the victim.

Finally, in *People v. Williams* (1987), 155 Ill. App. 3d 332, we upheld the trial court's imposition of a 12-year prison sentence for a defendant who was convicted of armed violence for attacking a woman and stabbing her with a screwdriver. (*Williams*, 155 Ill. App. 3d at 339.) We believe that *Williams* reaffirms that sentencing decisions are within the sound discretion of the trial court.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

QUETSCH and PECCARELLI, JJ., concur.